UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL L. SMITH,<br>Booking No. 11106488,<br><br>                        Plaintiff,<br><br>vs.<br><br>TIEN, Detective, San Diego Police;<br>WILLIAM GORE,<br><br>                       Defendants. | Civil No.    11cv0417 BEN (BGS)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTIONS TO PROCEED** *IN FORMA PAUPERIS* **[ECF Nos. 5, 7];**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND [ECF No. 9];**<br><br>**AND**<br><br>**(3) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

     Darrel L. Smith ("Plaintiff"), currently detained at the San Diego County Sheriff's Department South Bay Detention Facility in Chula Vista, California, and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed two separate Motions to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF Nos. 5, 7]. In addition, Plaintiff has filed a Motion to Amend his Complaint [ECF No. 9].

/ / /

# I.

## MOTIONS TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted certified copies of his trust account statements pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. These statements show Plaintiff has no money in his account, and therefore, insufficient funds with which to pay any initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [an] initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts

as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available.").

Therefore, the Court GRANTS Plaintiff's Motions to Proceed IFP [ECF Nos. 5, 7], and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire balance of the $350 filing fee owed in this case shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.
### MOTION TO AMEND COMPLAINT

A plaintiff has the right to amend his complaint once "as a matter of course" within 21 days after serving it, or if a motion under Rule 12(b), (e), or (f) is filed, or a responsive pleading is required, within 21 days after service of the motion or responsive pleading. FED. R. CIV. P. 15(a)(1)(A), (B).

Because Plaintiff is proceeding IFP in this case, and his original Complaint has yet to be screened pursuant to 28 U.S.C. § 1915(e)(2) or ordered served pursuant to 28 U.S.C. § 1915(d), his Motion to Amend his Complaint to "drop [his] complaint against William Gore," and only proceed with the claims alleged against Detective Tien is GRANTED [ECF No. 9].

## III.
### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may not, however, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

In his Complaint, Plaintiff claims he was arrested by Defendant Tien, a San Diego Police Detective, on January 28, 2011, and charged with possession and sale of cocaine base in violation of Cal. Health & Safety Code §§ 11352 and 11351.5. (Compl. at 3.) Plaintiff challenges the validity of this arrest pursuant to 42 U.S.C. § 1983 on grounds that he "did not possess drugs," and claims Tien went "out[side] the scope of his duty to influence a citizen ... to commit crime." (*Id.* at 2, 3.) Plaintiff further claims that the prosecution's use of a prior felony conviction to enhance his sentence constitutes cruel and unusual punishment, but he does not attribute this violation to Detective Tien.[1] (*Id.* at 5.) Plaintiff does not seek money damages, but instead seeks an injunction preventing his criminal prosecution. (*Id.* at 9.)

"In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78

---

[1] Plaintiff also alleges William Gore, the Sheriff of the County of San Diego, "den[ied] access to the court by not providing legal books." (Compl. at 2, 4.) However, Plaintiff has "drop[ped] [his] complaint against William Gore," in his Motion to Amend the Complaint [ECF No. 9].

1  (2005) (*quoting Preiser*, 411 U.S. at 489). Thus, Plaintiff's § 1983 action "is barred (absent
2  prior invalidation)– no matter the relief sought (damages or equitable relief), no matter the target
3  of his suit (state conduct leading to conviction or internal prison proceedings)–if success in that
4  action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*,
5  544 U.S. at 82.

6       In this case, Plaintiff's claims "necessarily imply the invalidity" of ongoing criminal
7  proceedings. *Heck*, 512 U.S. at 487. In creating a favorable termination rule in *Heck*, the
8  Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles
9  for challenging the validity of outstanding criminal judgments." *Heck*, 511 U.S. at 486. This
10 is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy *Heck's* "favorable
11 termination" rule, Plaintiff must first allege facts which show that the conviction which forms
12 the basis of his § 1983 Complaint has already been: (1) reversed on direct appeal; (2) expunged
13 by executive order; (3) declared invalid by a state tribunal authorized to make such a
14 determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S.
15 at 487 (emphasis added); *see also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

16       Plaintiff has alleged no facts, nor could he at this time allege facts sufficient to satisfy
17 *Heck* since he has yet to even be convicted. Thus, any potential federal civil rights claims
18 pertaining to the legality of arrest on January 25, 2011 are barred by *Heck*. *See, e.g.*, *Guerrero*
19 *v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's civil rights claims alleging
20 wrongful arrest, malicious prosecution and conspiracy among police officers to bring false
21 charges against him); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998)
22 (holding that *Heck* barred plaintiff's false arrest and imprisonment claims until conviction was
23 invalidated); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* barred plaintiff's civil
24 rights claims alleging that defendants lacked probable cause to arrest him and brought unfounded
25 criminal charges against him).

26       Accordingly, to the extent Plaintiff alleges Tien went "outside the scope of his duty" on
27 January 25, 2011, when he "allegedly approached [Plaintiff] [and] requested $30 of cocaine
28 base," and arrested him once he "allegedly" procured some and sold it to Tien for "$30 [in] pre-

1  recorded money" which was "never recover[ed]," *see* Compl. at 3, his § 1983 claims challenge
2  the constitutional validity of his arrest and current term of confinement and must be dismissed
3  without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (finding
4  that an action barred by *Heck* has not yet accrued and thus, must be dismissed without prejudice
5  so that the plaintiff may reassert his § 1983 claims if he ever succeeds in invalidating the
6  underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir.
7  1997).

## IV.

### CONCLUSION AND ORDER

10  Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

11  1. Plaintiff's Motion to Amend Complaint [ECF No. 9] is **GRANTED**.

12  2. Plaintiff's Motions to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF Nos. 5,
13  7] are **GRANTED**.

14  3. The Watch Commander of the San Diego County Sheriff's Department South Bay
15  Detention Facility, or his designee, is ordered to collect from Plaintiff's inmate trust account the
16  $350 balance of the filing fee owed in this case by collecting monthly payments from the trust
17  account in an amount equal to twenty percent (20%) of the preceding month's income credited
18  to the account and forward payments to the Clerk of the Court each time the amount in the
19  account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL
20  BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS
21  ACTION.

22  4. The Clerk of the Court is directed to serve a copy of this Order on Watch
23  Commander, San Diego County Sheriff's Department South Bay Detention Facility, 500 Third
24  Avenue, Chula Vista, California, 91910.

25  **IT IS FURTHER ORDERED** that:

26  5. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C.
27  §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave
28  from the date this Order is filed in which to file a First Amended Complaint which cures the

deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

    If Plaintiff fails to file an Amended Complaint within 45 days, this case shall remain dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

DATED: June 10, 2011

_____
Hon. Roger T. Benitez
United States District Judge