1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    DARREL L. SMITH,                        Civil No.      11cv0417 BEN (BGS)
      CDCR #J-08807,
12
                                Plaintiff,    **ORDER  SUA SPONTE DISMISSING**
13                                            **FIRST AMENDED COMPLAINT FOR**
                                              **FAILING TO STATE A CLAIM**
14            vs.                             **PURSUANT TO 28 U.S.C. § 1915(e)(2)**
                                              **AND § 1915A(b)**
15    TIEN, Detective, San Diego Police;
      WILLIAM GORE, L. COLON;
16    SANCHEZ; UNKNOWN OFFICERS 1
      THROUGH 4
17
                                Defendants.
18

19

20

21    **I.      Procedural History**

22            On February 28, 2011, Darrel L. Smith ("Plaintiff"), currently housed at the Richard J.

23    Donovan Correctional Facility located in San Diego, California, and proceeding pro se, filed a

24    civil rights action pursuant to 42 U.S.C. § 1983, along with two separate Motions to Proceed *In*

25    *Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).    The Court granted Plaintiff's

26    Motions to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim

27    pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* June 10, 2011 Order at 6-7.   Plaintiff

28    was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading

1  identified by the Court.  *Id.*  On July 8, 2011, Plaintiff filed his First Amended Complaint

2  ("FAC").

3  **II.      Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

4          As the Court noted in its previous Order, the Prison Litigation Reform Act ("PLRA")

5  requires the Court to review complaints filed by all persons proceeding IFP and by those, like

6  Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or

7  adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,

8  probation, pretrial release, or diversionary program," "as soon as practicable after docketing."

9  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions of the PLRA, the Court

10  must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail

11  to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C.

12  §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

13  (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C.

14  § 1915A(b)).

15          "[W]hen determining whether a complaint states a claim, a court must accept as true all

16  allegations of material fact and must construe those facts in the light most favorable to the

17  plaintiff."  *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington,*

18  152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal

19  Rule of Civil Procedure 12(b)(6)").  In addition, courts "have an obligation where the petitioner

20  is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the

21  petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010)

22  (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  The court may not, however,

23  "supply essential elements of claims that were not initially pled."  *Ivey v. Board of Regents of*

24  *the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  "Vague and conclusory allegations

25  of official participation in civil rights violations are not sufficient to withstand a motion to

26  dismiss."  *Id.*

27  / / /

28  / / /

In his First Amended Complaint, Plaintiff is seeking monetary damages from San Diego Police Officers for "inappropriate practice of law in a buy bust operation." (FAC at 2.) It appears that Plaintiff is claiming that he was used by San Diego Police Officers in an undercover operation to purchase drugs and as a result, Plaintiff was convicted of a crime. (*Id.*)

"In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (*quoting Preiser*, 411 U.S. at 489). Thus, Plaintiff's § 1983 action "is barred (absent prior invalidation)– no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 82.

In this case, Plaintiff's claims "necessarily imply the invalidity" of his criminal conviction. *Heck*, 512 U.S. at 487. In creating a favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 511 U.S. at 486. This is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy *Heck's* "favorable termination" rule, Plaintiff must first allege facts which show that the conviction which forms the basis of his § 1983 Complaint has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added); *see also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

Plaintiff has alleged no facts sufficient to satisfy *Heck*. Thus, Plaintiff's claims for money damages that arise from his arrest are barred by *Heck*. *See, e.g.*, *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) ( *Heck* barred plaintiff's civil rights claims alleging wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him);

1    *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (holding that *Heck* barred

2    plaintiff's false arrest and imprisonment claims until conviction was invalidated); *Smithart v.*

3    *Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* barred plaintiff's civil rights claims alleging that

4    defendants lacked probable cause to arrest him and brought unfounded criminal charges against

5    him).

6           Accordingly, Plaintiff's § 1983 claims challenge the constitutional validity of his arrest

7    and current term of confinement and must be dismissed without prejudice. *See Trimble v. City*

8    *of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (finding that an action barred by *Heck* has not

9    yet accrued and thus, must be dismissed without prejudice so that the plaintiff may reassert his

10   § 1983 claims if he ever succeeds in invalidating the underlying conviction or sentence); *accord*

11   *Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997).

12   **III.    CONCLUSION AND ORDER**

13          Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

14          Plaintiff's First Amended Complaint [ECF No. 11] is **DISMISSED** without  prejudice

15   for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C.

16   § 1915(e)(2)(b) and § 1915A(b).  The Court finds further amendment would be futile. *See Cahill*

17   *v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an

18   abuse of discretion where further amendment would be futile); *see also Robinson v. California*

19   *Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and

20   cannot, state a claim containing an arguable basis in law, this action should be dismissed without

21   leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907

22   (9th Cir. 1996)).

23   **IT IS SO ORDERED.**

24   DATED:  October 3, 2011

25

26                                                   _____
                                                     Hon. Roger T. Benitez
                                                     United States District Judge

27

28